**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD EVANS, In Pro Per

      Plaintiff,

  v.

DEPARTMENT OF PUBLIC HEALTH OF
THE CITY AND COUNTY OF SAN
FRANCISCO,

      Defendant.

_____/

No. CV 08-3329 EDL

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Pro se Plaintiff Ronald Evans ("Plaintiff") alleges that his employer, the Department of Public Health of the City and County of San Francisco ("Defendant"), violated Title VII by retaliating against him for engaging in protected activity.  Plaintiff alleges that Defendant investigated an Equal Employment Opportunity ("EEO") complaint that he did not want to be investigated.

On October 6, 2009, Defendant moved for summary judgment.  Plaintiff filed an opposition on October 27, 2009 and Defendant replied on November 3, 2009.  On November 17, 2009, the Court held a hearing.  For the reasons stated at the hearing and in this Order, Defendant's motion for summary judgment is granted.

**II.    BACKGROUND**

Plaintiff has worked for Defendant since 1989 as a clerk/typist.  Declaration of Ronald Evans ("Evans Decl.") Ex. I.  In 2002 and 2004, Plaintiff filed EEO complaints against Defendant alleging discrimination and failure to promote.  See Declaration of Mathew Hom ("Hom Decl.") Ex. C.

**United States District Court**
For the Northern District of California

1   Defendant posted a job opening for a 2903 Eligibility Worker position in May 2006, and Plaintiff

2   applied for the position.  See Declaration of Elaine Lee ("Lee Decl.") ¶ 21, Ex. C; Declaration of Ed

3   Ang ("Ang Decl.") ¶ 4.  In the same month that Plaintiff applied, Defendant temporarily halted the

4   hiring process and issued an examination announcement for the position so that an eligibility list

5   could be created, from which a permanent employee could be hired into the 2903 Eligibility Worker

6   position.  See Lee Decl. ¶ 22; Ang Decl. ¶¶ 5-6.

7       In July 2006, Plaintiff corresponded by email with Ed Ang, the manager in charge of the May

8   2006 hiring process, regarding Plaintiff's qualifications and history of applying for a promotion to

9   the 2903 Eligibility Worker position.  See Ang Decl. ¶ 1; Hom Decl. Ex. A.  During that email

10  correspondence, Mr. Ang wrote to Plaintiff: "I do remember you[r] applications for the 2903

11  positions.  I also remember how you deemed me a racist when I selected another applicant who was

12  clearly the most qualified person from the applicant pool.  I had to go through all kinds of

13  documentation for EEO to justify my selection."  See Hom Decl. Ex. A.  In response to this email, in

14  October 2006, Plaintiff filed an EEO complaint alleging retaliation.  See id. ¶¶ 8-9.

15      Defendant administratively closed Plaintiff's October 2006 complaint the same month that it

16  was filed because Mathew Hom, Defendant's investigator, found that the hiring process had been

17  halted for the examination process and the 2903 vacancy had not been filled, so that Plaintiff had not

18  been subjected to an adverse employment action.  See id. ¶¶ 11-12, Ex. C.  Mr. Ang was removed

19  from making hiring decisions for 2903 Eligibility Worker positions, but maintained related

20  administrative responsibilities.  See Lee Decl. ¶ 25.  The May 2006 vacancy for a 2903 position was

21  later filled by an employee requiring disability accommodation.  Id. ¶ 23.

22      Between October and December 2006, Plaintiff applied for, took and passed the civil service

23  examination for a 2903 Eligibility Worker position and ranked number sixteen on the eligibility list.

24  See id. ¶ 26, Ex. E.  In April 2007, two 2903 positions became available and Defendant conducted

25  twelve interviews of interested applicants, including Plaintiff.  See id. ¶¶ 29, 31-32.  Plaintiff earned

26  the second lowest interview score based on two interview questions and two written questions, and

27  was not hired for either position.  See id. ¶ 33; Hom Decl. Ex. H.

28

1    On June 22, 2007, Dorothy Yee, Defendant's EEO Deputy Director, wrote Plaintiff a letter

2  informing him that she had been notified that Defendant had completed its selection process for

3  2903 Eligibility Workers and that Plaintiff had not been selected.  See Evans Decl. Ex. B.  Ms. Yee

4  explained that Plaintiff had obtained standing to allege that Mr. Ang had subjected Plaintiff to an

5  adverse employment action in retaliation for previous complaints he had filed.  See id.  Plaintiff

6  responded that he wanted to amend his complaint from 2006 to include the allegation that he was not

7  selected for a 2903 Eligibility Worker position under Mr. Ang, but not under any other manager, due

8  to retaliation.  See Hom Decl. ¶ 15.

9    Mr. Hom was assigned to investigate Plaintiff's renewed complaint and on July 11, 2007, Mr.

10  Hom sent Plaintiff a Charge of Discrimination complaint form and requested that he sign and return

11  the form to commence a complaint and investigation.  See id. ¶ 16.  Plaintiff failed to return the form

12  and on July 26, 2007, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC")

13  complaint with the California Department of Fair Employment and Housing.  See id., Ex. G.  On

14  August 1, 2007, Mr. Hom sent Plaintiff a second letter requesting his signature on the Charge of

15  Discrimination form, in response to which Plaintiff forwarded a copy of his EEOC complaint and an

16  attached letter explaining that he had not returned the signed complaint form because he disagreed

17  with two fields on the form that Mr. Hom had completed.  See id.; Hom Decl. ¶¶ 17-18.

18    Specifically, Plaintiff disagreed with Paragraphs 9 and 11.  At Paragraph 9, which stated,

19  "Describe specifically and in detail the circumstances of the alleged discrimination.  Please include

20  the date(s) of adverse employment action(s)," Mr. Hom had written, "Complainant applied for 2903

21  Eligibility Worker position, in June 2006.  He believes that Ed Ang had not selected him for the

22  position in retaliation for complaints he had previously filed."  See Evans Decl. Ex. H.  At Paragraph

23  11 of the form, which stated, "Remedy or corrective action desired by Complainant," Mr. Hom had

24  written, "He should get the position."  See id.

25    Mr. Hom determined that he should investigate the hiring decision made in April 2007 because

26  he considered that to be the only hiring process in which Plaintiff had participated and had not been

27  selected.  See id. ¶ 19.  In reviewing the hiring process, Mr. Hom found that Plaintiff had not been

28  selected for a 2903 Eligibility Worker position because he scored lower in the interview than the

**United States District Court**
For the Northern District of California

1    candidates who were selected.  Id. ¶ 20.  Mr. Hom found no evidence of discriminatory or retaliatory

2    motive with respect to the April 2007 hiring process.  Id. ¶ 22; see generally, id. Ex. H.  In

3    November 2007, based on Mr. Hom's report, Defendant dismissed Plaintiff's 2007 complaint for

4    insufficient evidence of retaliation.  See Declaration of Rose-Ellen H. Fairgrieve ("Fairgrieve

5    Decl.") Ex. B.

6         Plaintiff brought this action alleging that Defendant investigated the wrong complaint in

7    retaliation for Plaintiff's prior EEO complaint filings.  Plaintiff maintains that Defendant

8    investigated the 2007 hiring process despite Mr. Hom's knowledge that Plaintiff wanted the 2006

9    hiring process under Mr. Ang to be investigated.  See Fairgrieve Decl. Ex. A 28:24-29:4.

10   **III.   LEGAL STANDARD**

11        Summary judgment shall be granted if "the pleadings, discovery and disclosure materials on

12   file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

13   is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c).  Material facts are those which

14   may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

15   A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return

16   a verdict for the non-moving party.  Id.  The court must view the facts in the light most favorable to

17   the non-moving party and give it the benefit of all reasonable inferences to be drawn from those

18   facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court must

19   not weigh the evidence or determine the truth of the matter, but only determine whether there is a

20   genuine issue for trial.  Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir. 1999).

21        A party seeking summary judgment bears the initial burden of informing the court of the basis

22   for its motion, and of identifying those portions of the pleadings and discovery responses that

23   demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317,

24   323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively

25   demonstrate that no reasonable trier of fact could find other than for the moving party.  Id.  On an

26   issue where the non-moving party will bear the burden of proof at trial, the moving party can prevail

27   merely by pointing out to the district court that there is an absence of evidence to support the non-

28   moving party's case.  Id.  If the moving party meets its initial burden, the opposing party "may not

rely merely on allegations or denials in its own pleading;" rather, it must set forth "specific facts

showing a genuine issue for trial." See Fed. R. Civ. P. 56(e)(2); Anderson, 477 U.S. at 250.  If the

non-moving party fails to show that there is a genuine issue for trial, "the moving party is entitled to

judgment as a matter of law." Celotex, 477 U.S. at 323.

**IV.  DISCUSSION**

An employer may not discriminate or retaliate against an employee or applicant for

employment because he has opposed any practice made unlawful by Title VII or because he has

made a charge or participated in any manner in an investigation, proceeding or hearing under Title

VII.  See 42 U.S.C. § 2000e-3.  To establish a prima facie claim of retaliation, a plaintiff must show

that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3)

there was a causal link between the protected activity and the adverse employment action.  Ruggles

v. Cal. Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir. 1986) (citing Wrighten v. Metro.

Hosps., Inc., 726 F.2d 1346, 1354 (9th Cir. 1984)).

Once the plaintiff establishes a prima facie claim of retaliation, the burden shifts to the

employer to set forth a legitimate, non-retaliatory reason for its actions.  Surrell v. Cal. Water Serv.,

518 F.3d 1097, 1108 (9th Cir. 2008) (citing Bergene v. Salt River Project Agric. Improvement and

Power Dist., 272 F.3d 1136, 1140-1141 (9th Cir. 2001)).  This burden is satisfied if the employer

simply explains what it has done or produces evidence of a legitimate, non-retaliatory reason.  Bd. of

Trs. v. Sweeney, 439 U.S. 24, 25 n.2 (1978).  On a motion for summary judgment, if the employer is

able to provide a legitimate, non-retaliatory reason for its actions, the burden shifts to the plaintiff to

raise a triable issue of material fact as to whether the reason advanced by the employer was a pretext

for retaliation.  Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000); see Surrell, 518

F.3d at 1108; see also Ruggles, 797 F.2d at 786 (citing the seminal case on the burden shifting

analysis, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

The Court assumes for the purpose of this motion that Plaintiff has created a triable issue of

fact as to his prima facie case, even though there is a close question as to whether Plaintiff has

created a triable issue of fact as to whether he suffered an adverse employment action.  Defendant,

however, has provided legitimate, non-retaliatory reasons for its actions, and Plaintiff has failed to

**United States District Court**
For the Northern District of California

raise a triable issue of fact that those reasons were pretextual.

**A.      Legitimate, Non-Retaliatory Reasons**

Plaintiff argues that Defendant improperly investigated the 2007 hiring process instead of the 2006 hiring process.  Mr. Hom stated that he conducted the investigation into the 2007 hiring process because Plaintiff had alleged retaliation as a failure to promote, and the 2007 hiring process " was the only hiring process in which [Plaintiff] had participated."  See Hom Decl. ¶ 19.  No applicants were considered during the 2006 hiring process because the 2903 vacancy was filled by an employee requiring disability accommodations.  Further, Plaintiff failed to complete the Charge of Discrimination form on which he could have informed Defendant that he was complaining of the 2006 hiring specifically.  At the hearing, it became apparent that Plaintiff misapprehended a portion of the Charge of Discrimination complaint form completed by Mr. Hom in July 2007.  The form indicated in Paragraph 11 the remedy sought by Plaintiff, not any decision that had already been made about the merits of his claim.  Therefore, Defendant's reasons for investigating the 2007 hiring process were legitimate and non-retaliatory.

**B.      Pretext**

Plaintiff has not established a triable issue of fact as to whether Defendant's legitimate, non-retaliatory reasons were pretextual.  Plaintiff's conclusory statements are insufficient to overcome his burden on summary judgment.  See Tarin v. County of Los Angeles, 123 F.3d 1259, 1265 (9th Cir. 1997) (superseded by statute on other grounds, as stated in Leisek v. Brightwood Corp., 278 F.3d 895, 899 n.2 (9th Cir. 2002) (affirming summary judgment for the defendants because the plaintiff pointed to nothing in the record other than her own conclusory statements)).  Plaintiff states in his opposition that "Plaintiff can or has offered substantial evidence" that Defendant's stated reasons were pretextual, but fails to cite to any such evidence.

Plaintiff has provided evidence of letters and administrative notices stating that he had a right to sue, and has attempted to use them to show pretext.  See Evans Decl. ¶¶ 3-4, 19, Exs. A, B, Q. However, an EEOC letter or similar notice identifying reasonable cause to believe an action for retaliation may be sustained is not "a free pass through summary judgment."  See Mondero v. Salt River Project, 400 F.3d 1207, 1215 (9th Cir. 2005).  In Mondero, the court held that the plaintiff had not established pretext by presenting a determination letter from EEOC because it offered no support

United States District Court
For the Northern District of California

for a showing of pretext, as it merely recited the facts that the plaintiff had disclosed and did not say anything about the defendant's proffered legitimate, non-discriminatory reason.  Id.  Similarly, the letters that Plaintiff cites here merely reiterate Plaintiff's allegations and permit him to pursue a lawsuit.

**VI.   OBJECTIONS**

Defendant has objected to evidence provided in Plaintiff's declaration of his statements regarding certain pieces of evidence in the record.  Plaintiff did not file a response to the objections. The Court declines to reach a determination on these objections because the Court has not relied on any evidence objected to in reaching its decision.

**V.   CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: December 14, 2009

Elijah D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California

7